# 96 DTA 148

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGUEZ

CARMEN DELIA MARTINEZ MARTIN
Apelada

v.

ZAYDA ALERS CORCHADO
Apelante

Núm. KLAN-95-00824

San Juan, Puerto Rico, a 16 de agosto de 1996

Panel integrado por su Presidente, Juez Brau Ramírez
y los Jueces Colón Birriel y Feliciano de Bonilla

Feliciano de Bonilla, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

**I**

El 20 de julio de 1995 la señora Zayda Alers Corchado presentó *"Escrito de Apelación"* para que revisarámos la Sentencia emitida el 30 de junio de 1995 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, en la que se declaró con lugar cierta acción de daños y perjuicios determinando que se trataba de un caso de negligencia comparada. La reclamación surgió a raíz de un accidente automovilístico.

**II**

El 5 de octubre de 1992 los demandantes, Carmen Delia Martínez Martín, las menores Yesenia y

Carmen Piñeiro Martínez, y José Román Rodríguez, el conductor del vehículo, transitaban en un automóvil Dodge 1983, propiedad de la señora Martínez, por la Carretera conocida como la Avenida Aguadilla y como la Avenida Agustín Ramos Calero. Es ésta la principal vía de acceso al municipio de Isabela. Discurrían en dirección sur a norte. Cuando pasaban frente a la intersección con la Carretera Industrial, impactaron un vehículo Chevrolet modelo 1984, conducido por la demandada y ahora apelante, señora Zaida Alers Corchado, quien en ese momento se disponía a entrar a la Carretera Núm. 112.

Presentada la demanda, el foro de instancia celebró dos vistas; una para determinar negligencia y la otra para fijar cuantía de daños. Así pues, el Tribunal de instancia dictó una sentencia parcial el 24 de mayo de 1995, en la cual determinó que ambas partes habían sido negligentes en el manejo de sus vehículos, adjudicando un setenta por ciento (70%) de negligencia a la parte demandante y un treinta por ciento (30%) de negligencia a la parte demandada. El 30 de junio de 1995, el Tribunal dictó sentencia final en la que estimó los daños sufridos por la parte demandante en $53,500, distribuidos de la siguiente manera: $30,000 a la señora Carmen Delia Martínez; $13,500 a la joven Yesenia Piñeiro Martínez y $10,000 a la joven Carmen Piñeiro Martínez. Al aplicar a dichas cantidades el grado de negligencia atribuido a la parte demandante y luego de descontadas las deducciones que surgen a raíz de la Ley de Protección Social por Accidentes de Automóviles, 9 L.P.R.A. secs. 2051 *et seq.*, el foro de instancia ordenó a los demandados a satisfacer $8,000 a la señora Carmen Delia Martínez, $3,000 a Yesenia Piñeiro Martínez y $2,000 a Carmen Piñeiro Martínez por concepto de daños.

Así las cosas, la parte apelante, Zayda Alers Corchado, acude a este Tribunal solicitando que se revoque dicha sentencia. Señala como error que:

*"Cometió error el Honorable Tribunal de Instancia al dictar sentencia declarando con lugar la demanda, e imponiendo una cuantía de daños a favor de la apelada que no está sostenida por la prueba ni por las determinaciones de hechos. Las determinaciones de hechos no están sostenidas por la prueba y la sentencia dictada constituye un error en cuanto a la cuantía de los daños, ya que ésta no está sostenida por la prueba."*

El 9 de agosto de 1995 los apelados presentaron un *"Escrito de Apelación y Otros Extremos"* en el que solicitan que se modifique la sentencia parcial en cuanto a la distribución de los porcientos del grado de negligencia, entendiendo que es incongruente con las determinaciones de hechos consignadas en la sentencia parcial emitida. Este recurso fue desestimado por este Tribunal mediante sentencia emitida el 21 de diciembre de 1995, por haber sido presentado luego de haber transcurrido el término jurisdiccional.

En relación con el caso de autos, emitimos una resolución el 8 de febrero de 1996, en la que le concedimos 30 días a la parte apelada para que sometiera su alegato. Al día de hoy, la parte apelada no ha comparecido.

Damos el caso por sometido y resolvemos según lo intimado.

### III

Según la exposición narrativa de la prueba y la moción aclaratoria presentada por la parte apelada, que obra en autos, la prueba presentada por la parte apelada consistió en las declaraciones de la propia señora Carmen Delia Martínez Martín y de dos de los otros tres ocupantes del vehículo, Yesenia y Carmen Piñeiro Martínez.

La señora Carmen Delia Martínez declaró que, a consecuencia del accidente, ella sufrió una cortadura en la rodilla que requirió ocho (8) puntos de sutura y laceraciones en diferentes partes del cuerpo. La señora Martínez declaró que tuvo que someterse a dolorosas terapias y tratamientos. También sufrió una fractura en el tabique. No presentó prueba documental o pericial para sostener tales alegaciones excepto una certificación que le dió el Dr. Francisco Rivera Rodríguez donde éste señala que después de haber atendido a la apelada el 5 de octubre de 1992, debido a laceraciones en la rodilla, la refirió al Hospital de Distrito de Aguadilla. Dicha certificación fue expedida el 28 de mayo de 1995. Actualmente, la señora se encuentra totalmente sanada y en perfectas condiciones.

La joven Yesenia declaró sobre supuestos golpes que recibió en el pecho y seno izquierdo, por lo que alegadamente desarrolló un sobrehueso que aún permanece en su cuerpo y por el cual estuvo por espacio de un año en tratamiento médico. No se presentó documento médico alguno que estableciera que, en efecto, la joven desarrolló el alegado sobrehueso. Tampoco se presentó prueba que reflejara la obtención de tratamiento médico alguno ni mucho menos la frecuencia con que se obtuvo.

Los daños que sufrió la joven Carmen fueron estipulados en la vista de los daños. Ella alegadamente sufrió trauma en la frente y una laceración en la rodilla.

Ninguna de las menores tuvo fracturas ni fue hospitalizada. Ambas se encuentran hoy en perfectas condiciones.

El co-apelado, José Ramón Rodríguez, quien conducía el vehículo que impactó al de la apelante, manifestó que no recibió daño alguno.

A base de esta prueba, el foro de instancia determinó el grado de negligencia en el que incurrió cada parte, así como también, cuantificó los daños en las cantidades ya expresadas. El Tribunal Supremo ha resuelto reiteradamente que en ausencia de error manifiesto, pasión, prejuicio o parcialidad, un tribunal apelativo no intervendrá con la apreciación de la prueba del tribunal de instancia. *Fermín Orta v. Pedro Padilla Ayala*, ___ D.P.R. ___ (1995), **95 J.T.S. 21**, a la pág. 668, *Pueblo v. Nazario Hernández*, ___ D.P.R. ___ (1995), **95 J.T.S. 90**, *Pueblo v. Iorio Ormsbry*, ___ D.P.R. ___ (1994), **94 J.T.S. 155,** *Riley v. Rodríguez Pacheco*, 119 D.P.R. 762 (1987), *Sánchez Rodríguez v. López Jiménez*, 116 D.P.R. 172 (1985), *Pérez Cruz v. Hosp. La Concepción*, 115 D.P.R. 721 (1984), entre otros.

A tales efectos, la función de estimación y valorización de los daños materiales y mentales descansa en el juicio discrecional, sereno, prudente y razonable del juzgador de instancia. Un tribunal apelativo deberá, de ordinario, respetar la valorización realizada, ya que el foro de instancia se encuentra en mejor posición para evaluar la prueba presentada. Por otro lado, en caso de que el foro apelativo entienda que la cuantía adjudicada en instancia resulta ser exagerada o muy baja, podría éste intervenir y ajustarla. *Rosado Feliciano v. Supermercado Mr. Special,* ___ D.P.R. ___ (1996), **96 J.T.S. 6**, a la pág. 583. Véase, además, *Torres Solís v. Autoridad de Energía Eléctrica,* ___ D.P.R. ___ (1994), **94 J.T.S. 89.**

Según expresiones de nuestro Tribunal Supremo:

*"Bajo la fórmula amplia de responsabilidad consagrada en el Art. 1802 del Código Civil (31 L.P.R.A. sec. 5141), no existe una tabla o computadora electrónica que recoja todos los elementos y premisas inarticuladas que nutren la valoración del dolor físico y mental humano y permita, mediante la aplicación de unas teclas o el oprimir unos botones, obtener el resultado final apropiado. Esta función descansa sobre el ejercicio discrecional prudente, juicioso y razonable del juzgador de hechos animado por un sentido de justicia y de conciencia humana. El contacto con la prueba presentada en el proceso judicial de primera instancia y las impresiones derivadas de la apreciación visual del juez, es la razón básica para que en ausencia de un dictamen imponiendo una cuantía ridículamente baja o exageradamente alta, a la luz de la prueba sobre daños presentada, en nuestra función apelativa, implementemos la norma de abstención judicial fundada en criterios de estabilidad y de respeto a los tribunales de primera instancia. Empero, señaladas y sometidas a nuestra consideración circunstancias comprobadas que ameritan una modificación de la cuantía, procederemos a ello siguiendo los criterios antes mencionados." Urrutia v. A.A A.,* 103 D.P.R. 643, 647-648 (1975).

Nos parece que la distribución del grado de negligencia, 30% a la parte apelante y 70% a la parte apelada está ampliamente avalada por la prueba. El Tribunal de Primera Instancia determinó que el accidente fue provocado por la negligencia de ambos conductores. La señora Zaida Alers Corchado fue negligente al no observar la debida precaución cuando procedió a entrar a la carretera aunque la prueba haya demostrado que ella se detuvo en la señal de *"PARE"* antes de proceder a entrar a la Carretera Núm. 112. Asimismo, el señor José Román Rodríguez tampoco tuvo el cuidado necesario al pasar frente a la intersección sin reducir la velocidad.

Ahora bien, así distribuidos los grados de negligencia, la valorización de los daños sufridos, estimada por el foro de instancia en el caso de autos, presenta una de estas situaciones que ameritan una modificación de la cuantía concedida. La prueba presentada demostró que la señora Carmen Martínez fue la que sufrió más lesiones. Las menores, Carmen y Yesenia Piñeiro Martínez, sufrieron lesiones leves que no requirieron siquiera el que fueran hospitalizadas. Fue correcto el concederle más compensación a la señora Carmen Delia que a las jóvenes, Yesenia y Carmen. Sin embargo, las cantidades así concedidas exceden, a nuestro entender, los daños sufridos por éstas. Conforme a la prueba desfilada, no surge que la dama o las jóvenes apeladas tengan algún grado de incapacidad permanente o que hubieran sido hospitalizadas. Tampoco presentaron prueba documental o pericial que estableciera la certeza y el grado de los daños alegados. Estimamos razonable disminuir la compensación a la mitad de lo que determinó el tribunal de instancia. Esto es, $4,000 a la señora Carmen Delia Martínez, $1,500 a Yesenia Piñeiro Martínez y $1,000 a Carmen Piñeiro Martínez.

Por los fundamentos aquí expuestos, se modifica la Sentencia del Tribunal de Primera Instancia, Sala Superior de Aguadilla, a los únicos efectos de reducir a $4,000 la cuantía concedida a la señora Carmen Delia Martínez Martín, a $1,500 la cuantía concedida a Yesenia Piñeiro Martínez y a $1,000 la cuantía concedida a Carmen Piñeiro Martínez.

Así modificada, se confirma en los restantes extremos.

Lo pronunció el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General